UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN F.P. CIOLINO,<br><br>     Plaintiff<br><br>v.<br><br>RIVAS, et al.,<br><br>     Defendants | Case No.: 3:23-cv-00075-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 15 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendant's motion to dismiss. (ECF No. 15, errata at ECF No. 23.) Plaintiff filed a response. (ECF No. 22.) Defendant filed a reply. (ECF No. 24.)

After a thorough review, it is recommended that the motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP). (*Id.*) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendant Jaymie Cabrera.

Plaintiff alleges that he fractured two bones in his left foot when his foot was crushed while he was working for Prison Industries (PI). He was seen in the emergency room, and it was recommended that he be seen with a podiatrist for a follow up, but he was not initially seen.

Plaintiff filed an industrial insurance claim for the injury. Cannon Cochran Management Services, Inc. (CCMSI) requested that Plaintiff see a podiatrist. Plaintiff eventually saw podiatrist Dr. Sibel, who ordered physical therapy twice a week for four months. Plaintiff did not have any physical therapy appointments, and when he saw Dr. Sibel for a follow up appointment roughly a year after the accident, he was told that because he went so long without physical therapy, the nerve damage he suffered was permanent. Nevertheless, he again ordered that Plaintiff go to physical therapy twice a week for four months. Plaintiff was only taken to two physical therapy appointments. On November 10, 2022, CCMSI told Plaintiff that according to his treating providers, he had reached maximum medical improvement and appeared to have permanent nerve damage. He was subsequently rated with a permanent partial disability.

Defendant argues this case should be dismissed on the basis of res judicata, asserting that Plaintiff filed a complaint with the same allegations and arising from the same facts that are alleged in this case: 2:21-cv-01653-RFB-BNW. The prior action was dismissed with prejudice pursuant to a stipulation for dismissal.

## II. DISMISSAL AND RES JUDICATA

A party may raise the affirmative defense of res judicata in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when the issue is evident from the face of the pleadings or judicially noticeable materials and there are no disputed issues of fact. *See ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted); *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (citation omitted).

///

///

///

### III. DISCUSSION

**A. Res Judicata**

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Res judicata prohibits a party from bringing a lawsuit on "any claims that were raised *or could have been raised* in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added, citation and quotation marks omitted). It "protects against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor*, 553 U.S. at 892 (citation and quotation marks omitted).

Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Owens,* 244 F.3d at 713 (internal quotation marks and citation omitted).

**B. 2:21-cv-01653-RFB-BNW**

Plaintiff filed a complaint on September 8, 2021, which was screened on May 2, 2022. (ECF Nos. 1-1, 7, 8 in 2:21-cv-01653-RFB-BNW.) The court screened the complaint and allowed Plaintiff to proceed with an Eighth Amendment unsafe working conditions claim against Corruledo, and Eighth Amendment deliberate indifference to serious medical needs claims against Sonya, Faulkner, Ternes, Troy, and Cabrera. (ECF No. 7 in 2:21-cv-01653-RFB-BNW.) The following is a summary of the allegations in that action:

Plaintiff alleged that he was employed by PI at HDSP. He was required to use a pallet jack for his work. Defendant Corruledo had been notified the pallet jack had damaged tires, but Corruledo did nothing to fix them. On March 3, 2021, the pallet jack rolled over onto Plaintiff's

left foot, breaking two bones and causing Plaintiff to suffer long term imbalance and possible permanent disability.

Plaintiff was sent to University Medical Center (UMC), where he was evaluated by Dr. Cooper. Plaintiff was treated and released with an order to follow up with a podiatrist. In addition, Plaintiff filled out an employee claim for compensation with respect to the two broken toes on his left foot. On April 9, 2021, Plaintiff sent an inmate request form (known as a "kite") to the HDSP infirmary, informing them of his broken toes, advising that his toes were not setting right, that he still had limited movement and pain with walking, and his balance was almost gone while walking up or down hills. He asked to be able to see a podiatrist as Dr. Cooper ordered. He received a stamped response that he was scheduled and would be notified the day of his appointment.

Plaintiff requested an appeal of his claim with CCMSI on June 2, 2021. On June 10, 2021, Plaintiff received a letter from CCMSI stating that Plaintiff had not followed up with medical care as recommended by his physician, and it gave him 14 days to make an appointment with a physician and attend the appointment. If he did not do so, his claim would be closed. Plaintiff then sent a kite requesting to be seen by a physician within 14 days. Plaintiff did not receive a response. On June 16, 2021, he sent an emergency grievance outlining his injury and stating that he was never seen by the ordered doctor. The emergency grievance was denied on the basis that it was not a medical emergency.

On June 28, 2021, Plaintiff submitted an informal grievance regarding the failure to adhere to the prescribed treatment. Defendants did not respond.

On June 17, 2021, Nurse Jaymie Cabrera was contacted by email by CCMSI, asking if Plaintiff could be scheduled to see an orthopedic specialist. Cabrera responded that no follow up

appointments were ordered according to the progress notes. CCMSI replied asking whether Plaintiff had any other treatment. Cabrera responded by referring CCMSI to Plaintiff's medical records.

There was a hearing on Plaintiff's appeal on July 28, 2021, and the insurer's determination was remanded with an instruction to schedule Plaintiff for a one-time consultation with a podiatrist.

Plaintiff continued to grieve the lack of treatment, but to no avail. He asserts that Dr. Cooper ordered he be seen by a podiatrist on March 3, 2021, and the Defendants were notified by kites and grievances as well as in the correspondence from CCSMI that he was in pain, his toes were not healing properly, and that his balance was off. As such, he claimed the Defendants knew Plaintiff required further treatment, including follow up with a podiatrist.

A stipulation for dismissal of that action was filed on May 13, 2022, and District Judge Boulware signed the stipulation and dismissed the case with prejudice on June 14, 2022. (ECF Nos. 12, 17.)

**C. Identity of Parties and Final Judgment**

"The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citations omitted). In addition, Federal Rule of Civil Procedure 41(b) provides that any dismissal, except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as a final judgment on the merits. *Id.* There was clearly a dismissal with prejudice of Plaintiff's prior action, satisfying this element of res judicata.

1    For res judicata to apply, the parties must be identical or there must be some sort of
2 privity between them. *Owens*, 244 F.3d at 713. Jaymie Cabrera is a defendant in both of these
3 actions. Therefore, this element of res judicata is also satisfied.

**D. Identity of Claims**

"Suits involve the same claim (or 'cause of action') when they 'aris[e] from the same transaction,' … or involve a 'common nucleus of operative facts[.]'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S.Ct. 1589, 1595 (2020) (citations omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in an earlier action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (emphasis added). "It is immaterial whether the claims asserted [in the subsequent action] were actually pursued in the action that led to the [prior] judgment; rather, the relevant inquiry is whether they could have been brought." *Id*. (citation and quotation marks omitted); *see also Lucky Brand*, 140 S.Ct.at 1594 (citation omitted).

In both of these actions, Plaintiff alleges his left foot was injured while working for prison industries and he did not receive the ordered treatment despite his requests and grievances. Plaintiff's Eighth Amendment claim against Cabrera in the first action was based on the failure to make the appointment with the podiatrist as ordered by Dr. Cooper in the emergency room. To the extent he alleges again in this action that Cabrera failed to ensure he saw the podiatrist, such a claim would clearly be barred by the res judicata. Plaintiff is not proceeding with a claim regarding the failure to ensure he saw a podiatrist for a follow up in this action. Instead, the screening order makes clear that the Eighth Amendment claim against

Cabrera in this action is predicated on the alleged failure to ensure Plaintiff went to the physical therapy appointments ordered by the podiatrist, Dr. Sibel.

"Claim preclusion generally does not bar claims that are predicated on events that postdate the filing of the initial complaint." *Lucky Brand*, 140 S.Ct. at 1596 (citation and quotation marks omitted). "This is for good reason: Events that occur after the plaintiff files suit often give rise to new [m]aterial operative facts that in themselves, or taken in conjunction with the antecedent facts, create a new claim to relief." *Id*. (citation and quotation marks omitted).

The court cannot tell from the face of the pleadings whether Plaintiff could have raised the issue of the physical therapy appointments in the prior action. The complaint does not include any specific dates regarding when Plaintiff saw Dr. Sibel or when the doctor ordered the physical therapy. The complaint includes as an exhibit a letter dated October 19, 2022, from CCMSI to Dr. Sibel noting that Dr. Sibel had been treating Plaintiff for injuries to his left foot, and that therapy was recommended and he attended some therapy sessions, but most of the exercises were done on his own. CCMSI sought further clarification regarding the treatment of the left foot injury. (ECF No. 4 at 16.) CCMSI sent Plaintiff a letter on November 10, 2022, stating that based on recent medical reporting from his treating physician (presumably Dr. Sibel), Plaintiff had reached maximum medical improvement for his injuries. (*Id*. at 17.) The letters do not disclose when Dr. Sibel ordered the physical therapy.

When Dr. Sibel ordered the physical therapy is crucial to resolving whether this action is barred by res judicata. It is possible the claim arose before the other action was filed or while it was pending. In such case, it would be barred by res judicata. It is equally possible that the claim arose after the fact, and as such, it may not be barred by res judicata.

The assertion of res judicata in a motion to dismiss limits the court to matters which are clear from the face of the pleadings or matters of which the court may take judicial notice. The court cannot resolve this issue on Defendant's motion to dismiss. Therefore, the motion should be denied. Defendant's may re-assert this argument in a properly supported motion for summary judgment if evidence exists demonstrating Plaintiff could have in fact raised this claim in the earlier action.[1]

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Defendant's motion to dismiss (ECF No. 15). Defendant may re-assert the res judicata argument as to this claim in a properly supported motion for summary judgment if evidence exists demonstrating Plaintiff could have in fact raised this claim in the earlier action.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

---

[1] It is also possible that this action is barred pursuant to the terms of the settlement agreement entered into in the prior action. However, that issue has not been raised in this motion to dismiss. To the extent Defendant's briefing can be construed as raising this argument, the settlement agreement is not part of the pleading in this case. Nor can the court take judicial notice of a settlement agreement that is not part of the record in another case. Therefore, the court has not considered this argument.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 5, 2023

_____
Craig S. Denney
United States Magistrate Judge