UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN F.P. CIOLINO, | Case No.: 3:23-cv-00075-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 44 |
| RIVAS, et al., | |
| Defendants | |

Before the court is Defendant's motion for leave to file under seal Exhibits A, B and C, filed in support of her motion for summary judgment. (ECF No. 44.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The

presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct., D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

2

1       The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

       Here, Defendant seeks to file exhibits under seal in connection with her motion for summary judgment, which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

       This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., Moreno v. Adamson,* No. 3:19-cv-0330-MMD-CLB, 2021 WL 76722 (De. Nev. Jan. 7, 2021); *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08-1084 MMC (PR), 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009). This is because a person's medical records contain sensitive and private information about their health. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

In Plaintiff's response to Defendant's motion for summary judgment, he waives his right to keep these records private and asserts they should not remain sealed. (ECF No. 53 at 5.) Therefore, compelling reasons no longer exist for sealing the records.

### CONCLUSION

Defendant's motion (ECF No. 44) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 22, 2024

                                                            _____
                                                            Craig S. Denney
                                                            United States Magistrate Judge