UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEPHEN F.P. CIOLINO,

    Plaintiff

v.

RIVAS, et al.,

    Defendants

Case No.: 3:23-cv-00075-CSD

**Order**

Re: ECF Nos. 60, 61, 62

    Plaintiff has filed two objections as well as a motion for reconsideration with respect to the court's order granting Defendant's motion for summary judgment. (ECF Nos. 60, 61, 62.) Defendant opposes the objections and motion for reconsideration. (ECF Nos. 64, 65, 66.)

    Preliminarily, there is no basis to file an objection to the court's order as the parties consented to the undersigned handling this case for all purposes pursuant to 28 U.S.C. § 636(c). (ECF No. 31.) Pursuant to the statute, when judgment is entered in a case where the parties have consented to the magistrate judge handling the case for all purposes, "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3). Therefore, Plaintiff's objections to the order granting summary judgment (ECF Nos. 60, 61) are **OVERRULED AS MOOT**.

    The court will now address Plaintiff's request for reconsideration of the court's order granting summary judgment in Defendant's favor.

    Reconsideration is proper under Rule 59(e) if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or

1  (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5
2  F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).
3       A motion for reconsideration "is not an avenue to re-litigate the same issues and
4  arguments upon which the court already has ruled," and it may not be based on arguments or
5  evidence that could have been raised previously. *See Brown v. Kinross Gold, U.S.A.*, 378
6  F.Supp.2d 1280, 1288 (D. Nev. 2005) (citation omitted). Instead, reconsideration is an
7  "extraordinary remedy" that should "be used sparingly in the interests of finality and the
8  conservation of resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th
9  Cir. 2000) (citation omitted).
10      The court granted Defendant's motion for summary judgment on the basis that Plaintiff
11 failed to exhaust administrative remedies before filing suit. (ECF No. 58.) In response to
12 Defendant's motion for summary judgment, Plaintiff argued that the grievance records were not
13 a true representation of the documents used and could not be used in the summary judgment
14 determination, citing Federal Rules of Civil Procedure 901 and 902 (which the court construed as
15 referring to Federal Rules of Evidence 901 and 902). In response to this argument, the court
16 ordered Defendant to submit an authenticating declaration for the grievance documentation, and
17 Defendant did so. (ECF Nos. 56, 57.) Plaintiff did not provide any evidence that the grievance
18 documentation was inauthentic.
19      In his motion for reconsideration, Plaintiff states that he is challenging the accuracy and
20 truthfulness of the declaration submitted to authenticate Plaintiff's grievance documentation. He
21 argues that he was not housed at High Desert State Prison (HDSP) when Julie Williams
22 submitted her declaration, and so she could not have reviewed his I-file. Plaintiff further argues
23

that the copies furnished by Defendant of grievance 2006-31-23658 are not actual copies of the documents referred to in the grievance log.

Grievance 2006-31-23658 was initiated by Plaintiff while he was housed at High Desert State Prison (HDSP). (ECF No. 43-1.) Julie Williams is the Associate Warden at HDSP, and she has access to the "hard copy" paper files in which the original copies of inmate grievances and files are maintained. She certified that the copy of grievance 2006-31-23658 submitted in support of Defendant's motion is a true and correct copy. She also certifies that the inmate grievance history submitted as an exhibit in support of the motion is also a true and correct copy. (ECF No. 57-1.)

The court finds that the authenticating declaration is proper.

Plaintiff previously argued that there are discrepancies with the grievance documentation, and the court addressed and rejected this argument in the order granting Defendant's motion for summary judgment.

In conclusion, Plaintiff has not provided any valid basis for the court to reconsider its order granting summary judgment in favor of Defendant. Therefore, Plaintiff's motion for reconsideration (ECF No. 62) is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 20, 2024

_____
Craig S. Denney
United States Magistrate Judge